MR. JUSTICE HUNT,
dissenting:
*241 I dissent. The majority’s opinion may have the effect of severely weakening the implied covenant of good faith and fair dealing within employment relationships. The majority holds that Barrett’s alleged dishonesty is relevant in determining whether Barrett had a reasonable belief in job security, which would allow him protection under the covenant, or whether the covenant was negated by his alleged dishonesty during the past three years. Under such reasoning, an employer may drag up incidents from the distant past to escape being subject to the implied covenant of good faith and fair dealing.
Rare is the employee that can assert undying loyalty to a company employer and a flawless work record. Consequently, the majority’s decision allows a company employer to defeat the covenant by bringing up an employee’s alleged misconduct at trial, even though the employer had not previously reprimanded the employee for such conduct at the time of the conduct nor warned the employee of the serious consequences of doing such conduct. Conceivably, the judge or jury could determine that an employee’s conduct, such as a tendency to take ten extra minutes for a coffee break once a week for the last three years, could defeat the covenant even though the employer failed to state its dissatisfaction with such practices at the time.
In Dare v. Montana Petroleum Marketing Co. (Mont. 1984), [212 Mont. 274,] 687 P.2d 1015, 41 St.Rep. 1735, this Court held that “whether a covenant of good faith and fair dealing is implied in a particular case depends upon objective manifestations by the employer giving rise to the employee’s reasonable belief that he or she has job security and will be treated fairly” (emphasis added). 687 P.2d at 1020, 41 St.Rep. at 1739. The covenant “protects the investment of the employee who in good faith accepts and maintains employment reasonably believing their job is secure so long as they perform their duties satisfactorily” (Emphasis added.). 687 P.2d at 1020, 41 St.Rep. at 1740. While the majority implies that the holding in Dare is still applicable, their holding in the instant case creates an uncomfortable ambiguity. In Dare, the applicable standard for an employee to assert the implied covenant of good faith and fair dealing is an “objective manifestation by employer” and a “reasonable belief’ by the employee of job security.
In the present case, Barrett had worked for ASARCO for over fifteen years before he was fired. He had held a managerial position as a shift foreman since 1973. No evidence exists that would indicate that Barrett failed to perform his duties as a shift foreman satisfac *242 torily. The record indicates that Barrett was fired solely because witnesses had allegedly seen him unloading bales of hay despite his severe back injury. When the trial drew near, however, ASARCO relied upon past conduct of Barrett’s that ASARCO found undesirable, and boldly asserts that such conduct would rebut an employee’s reasonable belief of job security even after fifteen years of service with ASARCO.
I have no reservation in requiring an employee to act in good faith and deal fairly with the employer, however, I object to the holding that would allow an employer to rebut the implied covenant of good faith and fair dealing it owes to an employee when the employer gave no objective manifestations that it was displeased with the employee, and now claims that the employee has no reasonable belief of job security because of something the employee may have done three years ago or more. An employer has a duty to the employee to act in good faith and deal fairly with the employee, this would include warning the employee, at the time of an undesirable conduct by the employee, that the conduct, if continued, may lead to the employee’s firing.
I also assert that the majority erroneously applied the Ninth Circuit Court decision, Los Angeles Memorial Coliseum Comm’n v. NFL (9th Cir. 1986), 791 F.2d 1356, cert. denied,_U.S._, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987) in this case. The court in Los Angeles Memorial Coliseum Comm’n specifically stated that the rule enunciated in that case applies only when “both breaches concerned the same issue and occurred during one episode of the contractual relationship.” Los Angeles Memorial Coliseum Comm’n, 791 F.2d at 1362-63. In the present case, Barrett’s alleged past conduct, that may have occurred three years ago and which may have included taking a nap while at work, cannot be considered the same issue or episode as whether he lifted hay bales after his back injury. I contend that the majority’s broad application of this rule is exactly what the Ninth Circuit’s warning intended to guard against.
I would therefore hold that ASARCO should not be allowed to rebut the implied covenant of good faith and fair dealing by introducing evidence of Barrett’s alleged conduct which ASARCO is apparently using only to justify its firing of Barrett.
MR. JUSTICE SHEEHY concurs in the foregoing dissent of MR. JUSTICE HUNT.